# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Vyera Pharmaceuticals, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 47-2051758 | Chapter 11, Subchapter V<br><br>Case No. 23-10605 (　) |
| In re: Phoenixus AG,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 98-1291091 | Chapter 11, Subchapter V<br><br>Case No. 23-10606 (　) |
| In re: Orpha Labs AG.,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11, Subchapter V<br><br>Case No. 23-10607 (　) |
| In re: Oakrum Pharma, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 83-2023999 | Chapter 11, Subchapter V<br><br>Case No. 23-10608 (　) |
| In re: SevenScore Pharmaceuticals, LLC<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 82-5092598 | Chapter 11, Subchapter V<br><br>Case No. 23-10609 (　) |
| In re: Dermelix Biotherapeutics, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 83-2644711 | Chapter 11, Subchapter V<br><br>Case No. 23-10610 (　) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING (I) THE JOINT ADMINISTRATION OF THE DEBTORS' SUBCHAPTER V CASES AND (II) GRANTING RELATED RELIEF**

Vyera Pharmaceuticals, LLC ("Vyera") and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"),[1] by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) directing the joint administration of the Debtors' related subchapter V cases and (b) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Lawrence R. Perkins in Support of the Debtors' Subchapter V Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these subchapter V cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing* Order *of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1] The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016.

[2] Capitalized terms used but not otherwise defined in this Motion have the meaning ascribed to them in the First Day Declaration.

the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.     The statutory bases for the relief requested herein are sections 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## BACKGROUND

5.     On the date hereof, each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code and elected to proceed under subchapter V thereunder. Additional information about the Debtors' businesses and the events leading to the commencement of these subchapter V cases can be found in the First Day Declaration, which is incorporated herein by reference.

6.     The Debtors are continuing in possession of their respective properties and are continuing to operate their businesses as debtors in possession pursuant to sections 1107(a), 1108, and 1184 of the Bankruptcy Code. As of the date hereof, no subchapter V trustee has been appointed and no date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

## RELIEF REQUESTED

7.     Pursuant to section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1, the Debtors request entry of an order directing the joint administration of these subchapter V cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered subchapter V cases and that these subchapter V cases be administered under the following consolidated caption (the "Proposed Caption"):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vyera Pharmaceuticals, LLC, *et al.*,[1]<br><br>                      Debtors. | Chapter 11, Subchapter V<br><br>Case No. 23-10605<br><br>(Jointly Administered) |

---

[1]    The Debtors in these subchapter V cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Dermelix Biotherapeutics, LLC (4711); and Orpha Labs AG. The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016.

        8.       The Debtors further request that the Court determine and order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

        9.       Additionally, the Debtors request that the Clerk of the Court make separate docket entries on the docket for each of the Debtors' subchapter V cases (except for that of Vyera Pharmaceuticals, LLC), substantially in the form of the following, which entry also provides additional information by alternatively directing interested parties to the Debtors' proposed claims and noticing agent's website:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the subchapter V cases of Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Dermelix Biotherapeutics, LLC (4711); and Orpha Labs AG. The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016. The docket in the subchapter V case of Vyera Pharmaceuticals, LLC, Case No. 23-10605, should be consulted for all matters affecting this case. Alternatively, information concerning these jointly administered subchapter V cases may be obtained by visiting the website of the Debtors' claims and noticing agent: http://dm.epiq11.com/Vyera.

        10.     The Debtors also request that the Court permit the use of a combined service list and combined notices for each of the Debtors' subchapter V cases. Having the Debtors' claims

4

and noticing agent maintain a combined service list best ensures that creditors and stakeholders will receive adequate notice.

## **BASIS FOR RELIEF REQUESTED**

11. Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Bankruptcy Rule 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as an:

(A)  entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

(B)  corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

(C)  person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D)  entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2). Local Rule 1015-1 further provides:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

*See* Local Rule 1015-1. In addition, Bankruptcy Rule 1005 requires:

> The caption of a petition commencing a cases under the Code shall contain the name of the court, the title of the cases, and the docket number. The title of the cases shall include the following information about the debtor: name, employer identification number, . . . any other federal taxpayer-identification number, and all other names used within eight years before filing the petition . . . .

5

*See* Bankruptcy Rule 1005. That broad definition of affiliate is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." *In re A&S Transp. Co., Inc.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977), *aff'd*, 575 F.2d 1003 (1st Cir. 1978)).

12. As set forth in the First Day Declaration, the Debtors are "affiliates" under the meaning of section 101(2) of the Bankruptcy Code. Debtors Vyera, Oakrum Pharma, LLC, SevenScore Pharmaceuticals, LLC, Dermelix Biotherapeutics, LLC, and Orpha Labs AG are each fully owned by Phoenixus AG. Accordingly, the Debtors are "affiliates" under the meaning of section 101(2) of the Bankruptcy Code and this Court is authorized to grant the relief requested herein.

13. Many, if not virtually all, of the motions, applications, hearings and orders that will arise in these subchapter V cases will jointly affect all of the Debtors. Jointly administering the cases will avoid unnecessary expenses by eliminating the need for duplicative filings, objections, notices, and hearings. Additionally, joint administration will reduce the administrative burdens imposed on the Court, as the Clerk of the Court will be permitted to utilize a single docket for the subchapter V cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Jointly administering the cases will also enable the United States Trustee for Region 3 (the "U.S. Trustee") and all other parties in interest to stay apprised of all matters before the Court.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates. Creditors and other parties in interest will maintain their

rights against each of the respective estates, as applicable. For example, any creditor still may file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates) and intercompany claims among the Debtors will not be affected.

15. The Debtors further submit that the use of the Proposed Caption will eliminate cumbersome and confusing procedures and help ensure uniformity of pleading identification. Additionally, case-specific information will be listed in the individual Debtor petitions, which are publicly available on the Debtors' proposed claims and noticing agent's (the "Claims Agent") website at http://dm.epiq11.com/Vyera or can be provided upon request. Therefore, the Debtors submit that the Debtors have satisfied the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

16. Finally, the relief requested in this Motion is common in this District. *See, e.g.*, *In re Comcar Industries, Inc.*, Case No. 20-11120 (LSS) [D.I. 60] (Bankr. D. Del. May 19, 2020); *In re Longview Power, LLC*, Case No. 20-10851 (BLS) [D.I. 50] (Bankr. D. Del. April 15, 2020); *In re Juno USA, LP*, Case No. 19-12484 (MFW) [D.I. 22] (Bankr. D. Del. Nov. 21, 2019); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) [D.I. 95] (Bankr. D. Del. Nov. 15, 2019).[1]

17. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## NOTICE

18. Notice of this Motion will be provided in accordance with the Local Rules to: (i) the U.S. Trustee; (ii) the Delaware Secretary of State, (iii) the Office of the Attorney General of the

---

[1] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

states in which the Debtors operate; (iv) the Federal Trade Commission; (v) the United States Food and Drug Administration; (vi) the Internal Revenue Service; (vii) the Debtors' 30 largest unsecured creditors; (viii) the subchapter V trustee (once appointed); and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(m).  Due to the nature of the relief sought, the Debtors respectfully submit that no other or further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

**WHEREFORE**, the Debtors request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the relief requested herein, and grant such other and further relief as is just and proper.

Dated: May 9, 2023
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ R. Craig Martin*
R. Craig Martin (DE No. 5032)
Matthew S. Sarna (DE No. 6578)
1201 North Market Street
Wilmington, Delaware 19801
Tel: (302) 468-5700
Fax: (302) 397-2336
Email: craig.martin@us.dlapiper.com
          matthew.sarna@us.dlapiper.com

-and-

John K. Lyons (*pro hac vice* admission pending)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: (312) 368-4000
Fax: (312) 236-7516
Email: john.lyons@us.dlapiper.com

*Proposed Counsel to the Debtors*

9

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: Vyera Pharmaceuticals, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 47-2051758 | Chapter 11, Subchapter V<br><br>Case No. 23-10605 (　) |
| In re:  Phoenixus AG,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 98-1291091 | Chapter 11, Subchapter V<br><br>Case No. 23-10606 (　) |
| In re: Orpha Labs AG.,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11, Subchapter V<br><br>Case No. 23-10607 (　) |
| In re: Oakrum Pharma, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 83-2023999 | Chapter 11, Subchapter V<br><br>Case No. 23-10608 (　) |
| In re: SevenScore Pharmaceuticals, LLC<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 82-5092598 | Chapter 11, Subchapter V<br><br>Case No. 23-10609 (　) |
| In re: Dermelix Biotherapeutics, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: 83-2644711 | Chapter 11, Subchapter V<br><br>Case No. 23-10610 (　) |

**ORDER AUTHORIZING (I) THE JOINT ADMINISTRATION OF THE DEBTORS' SUBCHAPTER V CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order (i) directing the procedural consolidation and joint administration of the Debtors' subchapter V cases and (ii) granting related relief; all as further described in the Motion; and upon consideration of the First Day Motion; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) this Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A); (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth in this Order.

2. The Debtors' subchapter V cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 23-10605 (___) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The consolidated caption of the jointly administered subchapter V cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vyera Pharmaceuticals, LLC,<br>*et al.*,[1]<br><br>                                      Debtors. | Chapter 11, Subchapter V<br><br>Case No. 23-10605<br><br>(Jointly Administered) |

---

[1] The Debtors in these subchapter V cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Dermelix Biotherapeutics, LLC (4711); and Orpha Labs AG. The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016.

4. The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and the Clerk of the Court shall make docket entries in the dockets of each of the subchapter V cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the subchapter V cases of Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Dermelix Biotherapeutics, LLC (4711); and Orpha Labs AG. The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016. The docket in the subchapter V case of Vyera Pharmaceuticals, LLC, Case No. 23-10605, should be consulted for all matters affecting this case.

>Alternatively, information concerning these jointly administered subchapter V cases may be obtained by visiting the website of the Debtors' claims and noticing agent: http://dm.epiq11.com/Vyera.

6. The Debtors, through their Court-approved claims and noticing agent, shall maintain separate claims registers, to the extent proofs of claim are filed, and shall file separate schedules of assets and liabilities and statements of financial affairs for each Debtor.

7. Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates. This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

EAST\200835643.6